IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMOS RYLES,

        Plaintiff,                  No. CIV S-08-0615 JAM EFB P

    vs.

T. FELKER, et al.,

        Defendants.          ORDER AND
                                         FINDINGS AND RECOMMENDATIONS
_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's March 19, 2008 complaint, wherein plaintiff alleges that defendant Smith used excessive force against him while removing his handcuffs on May 28, 2007. Pending before the court is defendant's November 12, 2008 motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies prior to filing suit.[1] On May 22, 2009, plaintiff filed an opposition brief, and on June 2, 2009, defendant filed a reply thereto.

////

---

[1] On March 9, 2009 the court recommended that this action be dismissed because plaintiff failed to respond to defendant's motion to dismiss. On April 22, 2009, the court granted plaintiff one final opportunity to respond to the motion to dismiss. On May 22, 2009, plaintiff filed an opposition brief. Therefore, the March 9, 2009 findings and recommendations will be vacated.

1

For the reasons stated below, the court finds that defendant's motion to dismiss should be denied.

## I. Legal Standards

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). Nor does § 1997e(a) require a plaintiff to plead exhaustion. *Id.* at 1119. Rather, "§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion." *Id.* The Ninth Circuit determined in *Wyatt* that because the defense of failure to exhaust "is not on the merits" and summary judgment "is on the merits," the defense should be treated as a matter in abatement[2] to be resolved pursuant to a motion made under "unenumerated Rule 12(b)." *Id.*

---

[2] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c). Rule 7 "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a

The Circuit stated that "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20.

The United States Supreme Court expressly stated in *Jones v. Bock*, 549 U.S. 199, 216 (2007), that failure to exhaust under the PLRA is an affirmative defense.  If the affirmative defense can be decided on the pleadings alone, a motion under Rule 12(b)(6) is appropriate.  *Id.* at 215.  The Court analogized to a motion to dismiss based on a statute limitations defense and stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c).  Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id*.

But, affirmative defenses which require the presentation of evidence outside the pleadings (including failure to exhaust as required by 42 U.S.C. § 1997e(a)) are properly

---

streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement.  *Black's Law Dictionary* 4 (6th ed. 1990).  The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it.  It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies."  *Black's Law Dictionary* 1151 (6th ed. 1990).  The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule."  Thus, for example, the Revision Notes to 28 U.S.C. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor.  The words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'"  Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a plea in abatement.  *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990) ("abatement of action," and "plea in abatement").

3

considered on summary judgment, with disputed material factual issues reserved for trial.[3] Fed. R. Civ. P. 12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56"), 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).[4] The Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and noted that departures from the usual procedural requirements are to be expressly made by Congress. *Jones*, 549 U.S. at 212, 214-16. Additionally, the Ninth Circuit recognized in *Wyatt* that when the district court looks beyond the pleadings to a factual record, which commonly occurs in deciding an exhaustion motion, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt*, 315 F.3d at 1120, n.14.

Thus, whether a motion for failure to exhaust under the PLRA may be raised under Rule 12 or Rule 56 is not determined by whether the defense asserted in the motion goes to the

---

[3] As discussed above, the reasoning in *Wyatt* for adhering to Rule 12(b) appears to have been that frequently a motion for "summary judgment is on the merits," and a failure to exhaust is independent of the substantive claims before the court. *Wyatt*, 315 F.3d at 1119. But, a motion asserting an affirmative defense, even when the defense it procedural or technical and does not address the merits of the substantive claims, should be addressed under Rule 56 if the motion relies upon matters extrinsic to the complaint to establish the factual predicate for the defense. Motions challenging exhaustion of administrative remedies frequently rely on declarations and exhibits that are extrinsic to the complaint.

[4] Several other Circuits have applied summary judgment principles when the defense of failure to exhaust cannot be decided on the pleadings. *See Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (addressing exhaustion at summary judgment); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (reversing grant of summary judgment on exhaustion and remanding for further proceedings); *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379-80 (5th Cir. May 1, 2008) (addressing exhaustion at summary judgment); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001) (reviewing evidence elicited at trial as to whether prisoner exhausted available remedies); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (addressing exhaustion at summary judgment); *but see Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) (finding that PLRA exhaustion should be treated as a matter in abatement and should be decided on a Rule 12(b) motion, even when factual disputes exist); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (rejecting the summary judgment and the Rule 12(b) approaches to PLRA exhaustion and instead determining that once a PLRA exhaustion defense is raised, a special evidentiary hearing should be held to address that defense before litigation on the merits proceeds).

1  "merits" of the claim.  Regardless of whether judgment is sought on the merits or whether the
2  motion seeks to bar consideration of the merits based on a technical ground that precludes
3  reaching the merits (i.e., exhaustion, issue or claim preclusion, a statute of limitations, etc.), the
4  determining factor is whether the factual predicate for the motion is based on the text of the
5  pleading or instead depends upon evidence submitted with the motion.  *See Jones*, 549 U.S. at
6  215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as
7  true, show the plaintiff is not entitled to relief.").

8    Here, defendant's motion necessarily requires the court to consider the affidavits and
9  exhibits presented for the purpose of proving the absence of exhaustion.  The court recognizes
10 that *Wyatt* is controlling in these circumstances.  However,  the Ninth Circuit recognized in
11 *Wyatt* that when the district court looks beyond the pleadings to a factual record, which
12 commonly occurs in deciding an exhaustion motion, the court must do so under "a procedure
13 closely analogous to summary judgment."  *Wyatt*, 315 F.3d at 1119, n.14.  Accordingly, the
14 court analyzes the motion, as *Wyatt* suggests, under the "closely analogous to summary
15 judgment" standard.  If, under that standard, the court concludes that the prisoner has failed to
16 exhaust administrative remedies, the proper remedy is dismissal without prejudice.  *Id.* at 1119-
17 20.

18    On July 23, 2008, the court advised plaintiff of the requirements for opposing a motion to
19 dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to
20 Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d 952, 957 (9th
21 Cir. 1998) (en banc),  *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409
22 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

23 **II.    Exhaustion Under California Law**

24    California prisoners may appeal "any departmental decision, action, condition, or policy
25 which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit.
26 15, § 3084.1(a).  The regulations require the use of specific forms but contain no guidelines for

grievance content. *Id*. at §§ 3084.2, 3085.  Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*. at § 3084.5.  A division head reviews appeals on the first formal level, *see id.* at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See id*. at § 3084.5(e)(1).  Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*. at § 3084.1(a).

**III.   Analysis**

Defendant contends that plaintiff failed to exhaust his administrative remedies prior to filing suit, and therefore, his complaint must be dismissed.  Def.'s Mot. to Dism., Mem. of P. & A. in Supp. Thereof ("Def.'s P. & A.") at 3.  Specifically, defendant contends that plaintiff did not submit any appeals that were accepted at the Director's Level of Review concerning defendant's alleged use of excessive force while removing plaintiff's handcuffs on May 28, 2007. *Id.* at 3, 5.

Defendant acknowledges that plaintiff filed an appeal regarding the incident alleged in the complaint -- log number HDSP-S-07-01944. *Id.* at 3, 5.  Defendant asserts however, that plaintiff did not pursue this grievance to the Director's Level of Review. *Id.*  Defendant submits evidence to support this assertion.

First, defendant submits the declaration of M. Dangler, the Appeals Coordinator at High Desert State Prison, who maintains records of all logged appeals by prison inmates housed at High Desert. *Id.* Ex. A, Decl. of M. Dangler ("Dangler Decl.") ¶¶ 1, 2.  Dangler states and attaches documentation showing that on May 28, 2007, plaintiff filed an appeal (log number HDSP-S-07-01944) based on defendant's alleged use of excessive force while removing plaintiff's handcuffs. *Id.* at ¶ 3, Ex. E at unnumbered page 5.  In this appeal, plaintiff requests permission to file a staff complaint, medical treatment for his wrist, and an emergency transfer to another institution. *Id.* Ex. E at unnumbered page 5.  The exhibits provided with Dangler's

declaration show that on July 26, 2007, the warden partially granted this appeal at the second level of review. *Id.* at ¶ 3, Ex. E at unnumbered pages 1-2. Specifically, the warden granted plaintiff's request to file a staff complaint, advised plaintiff on how to receive medical care for his wrist, but declined to address plaintiff's request for an emergency transfer. *Id.*

Defendant also submits the declaration of N. Grannis, the Chief of Inmate Appeals Branch, which reviews all inmate appeals submitted to the third or final level of review. Def.'s P. & A., Ex. B, Decl. of N. Grannis ("Grannis Decl.") ¶¶ 1, 2. Grannis indicates that during the relevant time period, plaintiff filed six appeals that the Inmate Appeals Branch accepted for the Director's Level of Review. *Id.* at ¶ 4. Appeal log number HDSP-S-07-01944 is not listed as one of those appeals. *See id.* Thus, appeal log number HDSP-S-07-01944 did not exhaust plaintiff's claim against defendant because it was not accepted for review at the Director's Level.[5]

However, the evidence also shows that on or around June 22, 2007,[6] plaintiff filed another appeal -- log number HDSP-S-07-02272 -- which was pursued through the Director's Level of review.[7] *Id.* ¶ 4 (referencing Inmate Appeal Branch Case No. 0706507), Ex. C at

---

[5] It appears that plaintiff attempted to pursue appeal log number HDSP-S-07-01944 to the Director's Level of Review, but that the appeal was screened out because plaintiff failed to provide supporting documentation for his claim. *See* Compl. at unnumbered page 6 (copy of appeal requesting Director's Level Review, dated July 29, 2007), unnumbered page 8 (copy of letter from N. Grannis, dated November 16, 2007, stating that plaintiff's appeal was screened out because plaintiff failed to attach the CDCR Form 1858, Rights and Responsibilities Statement).

[6] It is not clear exactly when plaintiff filed this grievance. While plaintiff dated the appeal "8-22-07," he also wrote, "I am filing this [appeal] . . . due to the fact [that] today on 6-22-07 . . . ." Def.'s P. & A., Ex. C at unnumbered page 7. The appeal is also stamped as having been received by "HDSP Appeals" on June 21, 2007. *Id.*

[7] It appears that plaintiff received staff assistance with respect to this appeal. *See id.* Ex. C at unnumbered pages 3-6 (letters dated July 24 and August 8, 2007, assuring plaintiff the help of a staff assistant because plaintiff's reading level fell "below 4.0."). However, plaintiff was not offered staff assistance with respect to appeal log number HDSP-S-07-01944, which plaintiff failed to pursue through the Director's Level of Review. *See id.* Ex. E at unnumbered pages 1-4 (letters dated July 16 and 26, 2007, stating plaintiff had no disabilities requiring special accommodation to achieve effective communication because plaintiff's reading level was "above 4.0.").

unnumbered pages 1-2.  In this appeal, plaintiff complains of various problems with staff, including defendant's alleged use of excessive force when removing plaintiff's handcuffs and the fact that plaintiff's related request for an emergency transfer was denied.  *Id.* Ex. C at unnumbered pages 7-10.  Plaintiff also makes another request for an emergency transfer.  *Id.* Ex. C at 7.

It is certainly plausible that this appeal exhausted plaintiff's administrative remedies, yet defendant fails to even mention it in his motion.  *See Griffin v. Arpaio*, 557 F.3d 1117, 2009 U.S. App. LEXIS 4818, *6 (9th Cir. Mar. 5, 2009) (holding that to exhaust administrative remedies, a grievance must alert the prison to the nature of the wrong for which redress is sought).   While defendant generally argues that plaintiff did not submit any grievance that was accepted by the Director's Level of Review regarding the claim raised in plaintiff's complaint, defendant does not offer any argument as to why this particular appeal did not exhaust plaintiff's administrative remedies.  As noted above, defendant has the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies.  *See Jones*, 127 S. Ct. at 921; *Wyatt*, 315 F.3d at 1119.  Defendant has not carried his burden in this regard as he fails to explain why appeal log number HDSP-S-07-02272 did not exhaust plaintiff's administrative remedies with respect to plaintiff's excessive force claim against defendant.  Given these circumstances, defendant's motion to dismiss must be denied.

**IV.  Conclusion**

Accordingly, it is hereby ORDERED that the March 9, 2009 findings and recommendations are vacated.  Further, it is hereby RECOMMENDED that defendant's November 12, 2008, motion to dismiss plaintiff's complaint be denied and defendant be directed to file an answer within 10 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE