IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMOS RYLES,

        Plaintiff,                     No.2:08-cv-0615 JAM KJN P

    vs.

SMITH,

        Defendant.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action filed pursuant to 42 U.S.C. § 1983. On April 5, 2010, plaintiff filed a request for a second copy of "plaintiff's transcripts of discovery." (<u>Id</u>.) Plaintiff states he needs another copy of his "court transcripts of his discovery so that he can correct what needs to be corrected and then he can send it to the [right] address." (<u>Id</u>.) While not entirely clear, it appears plaintiff is seeking a second copy of his deposition transcript. Plaintiff is advised that the court does not have a copy of the transcript. Plaintiff may seek this copy from counsel for defendant or the court reporter who recorded the deposition testimony. Because plaintiff has not exhausted these avenues before seeking court assistance, his request will be denied.

        On April 5, 2010, plaintiff filed a motion "to have juvenile records removed from adult records and be sealed." (<u>Id</u>.) Plaintiff argues that his juvenile records should have been

1

sealed and should not be in his adult records or in this case. Plaintiff states that when he spoke with the attorney for defendant Smith, the attorney mentioned some things that occurred when plaintiff was a juvenile.

The instant action involves, *inter alia*, allegations of excessive force by defendant Smith on May 28, 2007 at High Desert State Prison. Plaintiff is advised that this court is not the proper forum in which to seek the sealing of his juvenile records. Should counsel for defendant Smith attempt to enter documents from plaintiff's juvenile records, either as evidence in a summary judgment motion or at trial, plaintiff may object or seek to have the records sealed and/or not considered in connection with this case. Counsel for defendant has not yet attempted to enter such documents in this court record or refer to such records. Accordingly, plaintiff's motion will be denied.

On April 19, 2010, plaintiff filed a motion entitled "Motion for Discovery to Obtain Medical Records." (Id.) First, discovery requests are not to be filed with the court until necessary to support a motion to compel discovery responses. (See April 29, 2010 Order.) Second, because plaintiff is seeking his own medical records, he should seek these records from the medical department following prison regulations and procedures. (For example, Cal. Code Regs, tit. 15 § 3370 (2009) (Case Records File and Unit Health Records Material – Access and Release.) Because plaintiff's motion is premature, it should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 5, 2010 request is denied without prejudice. (Dkt. No. 48.)

2. Plaintiff's April 5, 2010 motion is denied without prejudice. (Dkt. No. 49.)

3. Plaintiff's April 19, 2010 motion for discovery is denied. (Dkt. No. 50.)

DATED: June 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ryle0615.mtc

2